IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVA AYALLA,

      **Plaintiff,**

      v.

NATIONAL AMERICAN POSTAL
WORKERS UNION, AFL-CIO and
KANSAS KAW VALLEY APWU,
LOCAL 238,

      **Defendants.**

Case No. 2:24-cv-02352-HLT-TJJ

## MEMORANDUM AND ORDER

Plaintiff Eva Ayalla[1] was a union shop steward who handled grievances on behalf of union members. She claims that her local and national unions discriminated against her based on her age by removing her from her position before she retired. And she claims that the unions breached the duty of fair representation (DFR) after she retired by failing to give her status updates about the outstanding grievances she had filed as a steward.

The national union (Defendant National American Postal Workers Union, AFL-CIO, or National APWU) moves to dismiss. Doc. 35. The Court grants the motion because (1) Plaintiff failed to timely exhaust her administrative remedies for her age-discrimination claim; (2) Plaintiff failed to sue for DFR within six months and cannot show tolling is warranted; and (3) to the extent Plaintiff complains about how her grievances were handled, she has not shown how she has

---

[1] Plaintiff proceeds pro se. The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

standing to assert this complaint and does not state a plausible claim because the union has considerable discretion in handling grievances. National APWU is dismissed from the case.

I.  **BACKGROUND**

Plaintiff was a union shop steward. She filed and administrated grievances on behalf of union members for the Shawnee Mission Post Office. The National Business Agent, Jeffrey Beaton (NBA Beaton), handled the appeal of grievances to National APWU.

National APWU and the local union decertified Plaintiff as a union steward on July 7, 2022. They replaced her with a much younger steward. Plaintiff believes she was replaced because she was a witness in an age discrimination case involving the same younger woman who replaced her.

Plaintiff wanted to make sure that four years of her work on class action grievances would be completed although she was no longer a union steward. NBA Beaton assured her in late July 2022 that her remaining grievances would be handled the same as any other steward's grievances. But Plaintiff heard rumors that her class action grievances would be dropped. Plaintiff therefore made multiple inquiries about the status of the grievances she had filed while union steward. She thought the union's leadership would not drop her grievances if they knew she was watching.

Plaintiff retired at age 70 on November 30, 2022. She intended to maintain her union membership during retirement so that she could oversee the grievances she had filed before retirement. Plaintiff repeatedly asked about how much she owed to become a full dues-paying member. She also asked to review budget submissions and receipts. But both requests were ignored. Plaintiff was unable to pay dues and rejoin the union for more than a year after she retired.

National APWU failed to process the grievances Plaintiff had filed or update her on their status although Plaintiff made numerous inquiries through January 2023. She continued to ask for

2

updates after that time. She heard a rumor by December 2023 that a global settlement agreement had resolved most of or all her outstanding class action grievances. She tried again at that time to get information on their status. But again she could not get an accurate status update.

Plaintiff filed an unfair labor practice charge with the National Labor Relations Board (NLRB) against National APWU on July 18, 2023. Plaintiff charged that National APWU failed to provide her information on the status of the grievances she had filed. Specifically, she charged that National APWU "refus[ed] to respond to [Plaintiff's] requests for the status of the Line H maintenance grievances" and "failed to take any action or process those Line H grievances or send any information necessary to process the grievances." Doc. 33-28. Similarly, in this case, Plaintiff alleges that National APWU "with[e]ld Plaintiff's grievances status," "dismissed her inquiries" (about the grievances), and "zealously scrutinized" her grievances. Doc. 33 at 7, 9, & 3. Plaintiff eventually filed a Freedom of Information Act (FOIA) request in December 2023 related to her NLRB charge.

Plaintiff alleges that she filed an EEOC charge for age discrimination against her local union on March 13, 2023. Doc. 33 at 8. She expressed a desire to amend this charge to add National APWU in April 2023. Doc. 33-33. But she never amended. Plaintiff filed an EEOC charge against National APWU on March 13, 2024.[2] Doc. 6-3.

## II. STANDARD

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

---

[2] Plaintiff's amended complaint does not include the EEOC charge as an attachment. But it is central to her complaint and its authenticity appears uncontested. The Court therefore considers its contents without converting the motion to dismiss to one for summary judgment. *Prager v. LaFaver*, 180 F.3d 1185, 1188-89 (10th Cir. 1999) (citing *GFF Corp. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)).

3

is plausible if it contains sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). A court undertaking this analysis accepts as true all well-pleaded allegations in the complaint but need not accept legal conclusions. *Id.* Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

## III.   ANALYSIS

Plaintiff asserts claims for age discrimination and DFR. Her DFR claim is based on National APWU's failure to update her on the status of the grievances she filed before losing her union steward position. It is unclear, but she may further base her DFR claim on the union's handling of the grievances she filed. The Court considers each of these claims separately.

### A.   Administrative Exhaustion of Age-Discrimination Claim.

The first issue before the Court is whether Plaintiff timely exhausted her administrative remedies for her age-discrimination claim. A plaintiff bringing claims under the Age Discrimination in Employment Act must administratively exhaust her claims with the EEOC before filing suit. *Lincoln v. BNSF Rwy.*, 900 F.3d 1166, 1181 (10th Cir. 2018); *see also Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020). The aggrieved person must file a charge of discrimination within 300 days of the unlawful act. 29 U.S.C. § 626(d)(1)(B); *see Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 628 (10th Cir. 2012). The clock for an age-discrimination claim "starts running when the plaintiff first knew or should have known of his injury, whether or not he

4

realized the cause of his injury was unlawful." *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979); *Rotella v. Wood*, 528 U.S. 549, 555-56 (2000)). Claims that fall outside the 300 days are time-barred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (Title VII). Discrete claims of discrimination or retaliation occur on the day the act happened, and the act must fall within the 300-day period to be actionable. *Id*. at 110-13. Failure to exhaust administrative remedies is an affirmative defense. *Lincoln v. BNSF Ry.*, 900 F.3d 1166, 1185 (10th Cir. 2018) (ADA); *Cummings v. U.S. Postal Serv.*, 2021 WL 4592271, at *4 (10th Cir. 2021) (ADEA).

Plaintiff alleges that National APWU discriminated against her based on her age when she was removed from the steward position on July 7, 2022. Plaintiff had until May 3, 2023 to file an age-discrimination charge with the EEOC for this discrete act. Plaintiff did file one on March 13, 2023 against the local union. And she wanted to amend that charge in April 2023 to include National APWU. Docs. 33 at 8; 33-34. But Plaintiff did not amend. She instead waited almost a year and filed another EEOC charge against National APWU on March 13, 2024. This exceeded her deadline by more than ten months. Plaintiff's age-based claim against National APWU is therefore time-barred.

The Court understands that this outcome may seem harsh. Plaintiff argues that National APWU knew that she wanted to add it to her charge. But Plaintiff's note (an apparent email to Orienta Kirksey, whose position is not explained in the exhibit) was not enough. Congress requires a certain process for exhaustion; there are both temporal limits and prerequisites for ADEA claims. Plaintiff did not meet them here. Plaintiff failed to timely exhaust her age-discrimination claim, and the Court dismisses it.[3]

---

[3] The Court notes a couple of other problems with Plaintiff's age-discrimination claim against National APWU. Plaintiff states in her opposition brief that she believed she was decertified because "there had been no one

**B.     DFR Claims(s)**

**1.  DFR Claim for Failure to Provide Information.**

Plaintiff's next claim is a DFR claim for failure to provide information on the status of the grievances she filed as a steward. National APWU contends that this claim is untimely. The statute of limitations is an affirmative defense. But courts may resolve it on a Rule 12(b)(6) motion when the dates in the complaint show that the statute has expired. *Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024). Plaintiff bears the burden to show that a basis for equitable tolling exists. *Id*.

DFR claims have a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983); *Carlton v. Local No. 7 United Food & Comm. Workers Int'l Union*, 43 F. App'x 289, 295 (10th Cir. 2002). A claim accrues when an aggrieved person "knows or through the exercise of reasonable diligence should have known of the union's decision or action." *Carlton*, 43 F. App'x at 295. It is unnecessary that a claimant know "all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993). A claimant knows of a DFR claim at the time she files an NLRB charge challenging the same conduct. *See Poletto v. Battaglino*, 2024 WL 1757316, at *2 (10th Cir. 2024).

Plaintiff filed a charge with the NLRB in July 2023. The claim addressed the same conduct alleged here. But Plaintiff did not file her complaint in this case until August 2024. This is well

---

experienced in maintenance issues and also due to animosity that had grown over the last few years related to her complaints of lack of representation for Maintenance employees by the local President Michelle Fitzpatrick and [NBA Beaton]." Doc. 40 at 1. This statement (although in briefing, not in a pleading) suggests that the reason for decertification was not Plaintiff's age. On the other hand, this statement is inconsistent with another statement in Plaintiff's brief that she realized that the combined efforts of the local and national unions to replace her "reeked of age discrimination under the Age Discrimination in Employment Act, but Plaintiff was not interested in pursuing that complaint." *Id.* at 2. This second statement is an admission that Plaintiff knew she had suffered age discrimination, but that she chose not to file an age discrimination complaint at that time.

after Plaintiff knew that National APWU had failed to provide her with information about her previously filed grievances.

Plaintiff tries to avoid dismissal by alleging fraudulent concealment.[4] She alleges that she had to make a FOIA request from USPS because the local and national unions concealed the status of her grievances. Then she had to wait for a response to her FOIA request before she could know what National APWU was doing with her grievances.

Fraudulent concealment tolls the statute of limitations when a defendant uses fraudulent means to prevent discovery of the breach of a duty via due diligence. *Ballen v. Prudential Bache Sec.*, 23 F.3d 335, 337 (10th Cir. 1994). But a plaintiff must show both a "lack of knowledge of the facts constituting [her] claim" and that a defendant took "affirmative acts leading a reasonable person to believe that [she] did not have a claim for relief." *In Re Urethane Antitrust Litig.*, 683 F. Supp. 2d 1214, 1227-28 (D. Kan. 2006) (citing *Clulow v. State of Okla.*, 700 F.2d 1291 (10th Cir. 1983)) (internal quotes omitted).

There are at least three problems with Plaintiff's tolling argument. First, her claim is for <u>failure to update</u>. Plaintiff does not allege that National APWU concealed the fact that it was not updating Plaintiff. Rather, she alleges that National APWU concealed the outcomes themselves. Second, Plaintiff was aware of this claim by at least July 2023, when she complained to the NLRB about the same conduct. She has not alleged lack of knowledge. But in any event, the third problem is that Plaintiff has not alleged how her FOIA request was material to her DFR claim for failure to update. She alleges that she requested information about the grievances. Regardless of when and what she received in response to her FOIA request, her claim against National APWU for failure

---

[4] It is unclear whether Plaintiff argues fraudulent concealment for tolling purposes or for a separate state-law claim. Any state-law claim for fraudulent concealment is preempted by her federal DFR claim for grievance-processing. *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1158 (10th Cir. 2000).

to update remains the same. She did not need to know the <u>actual</u> status of the grievances to know that she had a DFR claim for failure to respond to her inquiries.

Finally, Plaintiff argues that National APWU engaged in a continuing violation of failing to respond to her status inquiries, making the DFR claim timely. But Plaintiff filed her NLRB charge in July 2023 based on the same conduct. This is the latest her claim could have accrued. *See Poletto*, 2024 WL 1757316, at *2; *Carlton*, 43 F. App'x at 295.

Plaintiff's DFR claim is untimely. And the amended complaint contains no valid basis for tolling. The Court understands that Plaintiff was frustrated with National APWU's obstinance. Plaintiff's continued interest in the grievances she filed seems genuine. But time limits serve an important purpose. The bottom line is that Plaintiff knew she was being denied information that she wanted in 2022 and 2023. She did not file this case until August 2024. Her DFR claim for failure to provide information is untimely under any calculation. The Court dismisses Plaintiff's claim for failure to provide information.

### 2. DFR Claim for Grievance Handling.

Plaintiff's last claim (liberally construing her amended complaint) is that National APWU mishandled the grievances she filed as a steward. National APWU makes two arguments why the Court should dismiss any such claim: (1) Plaintiff lacks standing to pursue this claim because her terms and conditions of employment were not affected by the outcome; and (2) Plaintiff fails to allege any facts that APWU resolved the grievances in an irrational manner. Plaintiff does not meaningfully address either of these arguments. She does not explain why she has standing to bring this claim when she filed the grievances as a union steward on behalf of others and when she was not a member of the union at the time the alleged mishandling happened. And even if she were

8

able to bring this claim, Plaintiff fails to plead facts sufficient to meet the high standard for reviewing the decision of a union.

First: It is Plaintiff's burden to allege standing.[5] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2004). National APWU raised the issue and pointed out that this is an unusual DFR claim, particularly since the grievances are not Plaintiff's own, she retired after they were filed, and they were resolved while she was not a union member. Plaintiff offers <u>no response</u> to this argument. And National APWU's argument makes sense to the Court. Plaintiff is not the aggrieved and has not identified any injury she directly incurred as a result of how the grievances were handled. Instead, she brought the grievances in her capacity as a steward. She offers nothing suggesting that people actually aggrieved asked to her bring this lawsuit even though rulings could impact them and their future rights. She identifies nothing that contractually allows her to bring this lawsuit on their behalf. She is not an attorney yet proceeds pro se. The Court cannot see how this situation is a fair or desirable outcome. The Court cannot readily discern a reason why Plaintiff should be allowed to pursue a claim for mishandling grievances that had no effect on her. Plaintiff has not met her burden on standing, so the Court finds dismissal appropriate on this basis.

Second: Even if Plaintiff had standing to pursue this claim, she bears the burden to plausibly plead it. Courts are highly deferential to the actions of unions. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 571 (1976). They refrain from substituting their own judgment for that of the union. *Young v. United Auto. Workers Labor Emp. & Training Corp.*, 95 F.3d 992, 997 (10th Cir. 1996). A union may settle or withdraw a grievance so long as it remains within its good

---

[5] A defendant may raise standing under 12(b)(1) or 12(b)(6), depending on whether the issue is rooted in principles of Article III or prudential standing. National APWU does not clarify what type of standing it challenges, although its motion is filed under Rule 12(b)(6). But either way, the Court must address Article III standing sua sponte when a record contains a colorable standing issue. *Robinson v. Cap. One Bank (USA), N.A.*, 2020 WL 5819664, at *2 (D. Kan. 2020) (citations omitted).

9

faith discretionary power. *Vaca v. Sipes*, 386 U.S. 171, 190-92 (1967). A plaintiff seeking to establish a DFR claim must show that the union's conduct was "arbitrary, discriminatory, or in bad faith." *Aguinaga v. United Food & Com. Workers Int'l Union*, 993 F.2d 1463, 1470 (10th Cir. 1993). Ordinarily a union's representation must be "grossly deficient," or the union must "recklessly disregard" the employee's rights to state a claim. *Amburgey v. Consolidation Coal Co.*, 923 F.2d 27, 29 (4th Cir. 1991) (citation omitted). An employee attempting to show bad faith on the part of the union must show "fraud, deceitful action or dishonest conduct." *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 299 (1971).

Plaintiff's allegations do not come close to meeting this high standard. National APWU raised this issue in its motion to dismiss. Plaintiff did not respond or point to allegations that would plausibly state a claim. Plaintiff may have disagreed with NBA Beaton's treatment of the grievances. Beaton may have settled or withdrawn grievances in ways that Plaintiff would not have. But she does not allege facts suggesting that Beaton acted irrationally. Neither has she alleged facts suggesting that he engaged in deceitful, fraudulent, or dishonest conduct in resolving the grievances.[6] Beaton had the discretion to resolve the grievances in a reasonable way.

Plaintiff's allegations do not plausibly state a DFR claim for improper handling of the grievances she filed on behalf of others. The Court dismisses this claim against National APWU on this alternative basis.

---

[6] Plaintiff makes the following general allegations in her amended complaint: "My removal was due to vindictive nature of President Fitzpatrick and Bargaining Agent, Beaton. [sic] Their dislike for me and deep animus against my personality along with bad faith treatment of my meritorious grievances were pay back because I disagreed with [] their tendency to only represent those who would be loyal to their wrongful lack of representation and wrongful conduct. They intentionally meant to humiliate Plaintiff." Doc. 33 at 11. These conclusory allegations lack factual support. And they are targeted at Plaintiff's decertification, not the handling of her grievances.

## IV. CONCLUSION

The Court dismisses Plaintiff's claims against National APWU with prejudice. This is generally proper under Rule 12(b)(6). Plaintiff did not initially amend as of right. She later did amend with permission (Doc. 33), after National APWU filed its first motion to dismiss (Docs. 5, 6). National APWU's first motion argued that Plaintiff did not timely exhaust her age-discrimination claim and that Plaintiff's DFR claim was time-barred. National APWU then filed its second motion, re-raising these same arguments. Docs. 35, 36. Plaintiff chose to stand on her amended complaint rather than seeking leave to amend again. *See* Fed. R. Civ. P. 15; D. Kan. Rule 15.1; *see also Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 132-33 (D.C. Cir. 2012) (Kavanaugh, J., concurring) (explaining that dismissal under Rule 12(b)(6) is generally with prejudice unless stated otherwise and that opportunities to amend under Rule 15 in response to motions to dismiss provide a fair opportunity for a plaintiff to avoid such a result). This approach also promotes efficiency and prevents parties from taking a "wait-and-see" approach to see what can get by before making fulsome efforts to address the challenged issues.

Plaintiff's complaint is moderately lengthy and contains many factual allegations. Many of them are dated before her retirement in November 2022. Nothing suggests she could overcome the problems identified within this order with a formal opportunity to amend. There is nothing Plaintiff could allege that would change the outcome of the time-barred claims. This conclusion is underscored by the fact that National APWU raised the same timeliness issues in both motions, but Plaintiff's amended complaint did not fix the problem. And she has had adequate opportunity to plead facts to plausibly state a claim for the handling of her grievances. The Court doubts she come overcome the more logical hurdle, though: her standing to bring this claim. For these reasons, the Court finds dismissal of Plaintiff's claims with prejudice to be appropriate.

THE COURT THEREFORE ORDERS that National APWU's motion to dismiss (Doc. 35) is GRANTED. National APWU is dismissed with prejudice from the case.

IT IS SO ORDERED.

Dated: March 25, 2025   /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE