IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EVA AYALLA,<br><br>     Plaintiff,<br><br>v.<br><br>NATIONAL AMERICAN POSTAL WORKERS UNION, AFL-CIO and KANSAS KAW VALLEY APWU, LOCAL 238,<br><br>     Defendants. | Case No. 24-CV-2352-HLT-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 66).[1] Plaintiff requests an order compelling Defendant Kansas Kaw Valley APWU, Local 238 ("Local 238") to produce documents in response to specific requests for production of documents. Local 238 opposes the motion. As explained below, the Court denies Plaintiff's motion.

**I. Relevant Background**

Plaintiff alleges she was a union shop steward who handled grievances on behalf of union members. She claims that her local and national unions discriminated against her based on her age by removing her from her position before she retired. And she claims that the unions breached the duty of fair representation after she retired by failing to give her status updates about the outstanding grievances she had filed as a steward. Plaintiff's claims regarding the age

---

[1] Plaintiff proceeds *pro se*. The Court liberally construes Plaintiff's *pro se* filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

discrimination claim and duty of fair representation against Defendant National American Postal Workers Union ("APWU") have previously been dismissed.[2] Local 238 is the sole remaining defendant.

On May 9, 2025, Local 238 served its responses to Plaintiff's Requests for Production of Document ("RFPs").[3] Plaintiff filed a motion to compel (ECF No. 61) on July 25, 2025, but that motion was denied without prejudice for failure to request a pre-motion telephone conference before filing a discovery-related motion, as required by D. Kan. Rule 37.1(a) and the scheduling order (ECF No. 62). On August 5, 2025, the Court conducted a telephone pre-motion discovery conference at the request of Plaintiff regarding Local 238's responses to Plaintiff's RFPs (ECF No. 65). The Court provided guidance to the parties regarding the discovery disputes raised by Plaintiff, and Local 238 agreed to supplement its responses by August 8, 2025. After receiving these supplemented responses, Plaintiff was ordered to confer in good faith and, if necessary, file any motion to compel discovery by August 15, 2025. Plaintiff timely filed her motion to compel with regard to Local 238's responses to RFPs 11, 12, 14, 16, 17, 18, 19, 21, and 22. After Local 238 filed its response (ECF No. 68), Plaintiff filed a reply limiting her motion to the following five RFPs: 14, 16, 17, 21, and 22 (ECF No. 70).

---

[2] *See* Mar. 26, 2025 Mem. & Order (ECF No. 47).

[3] *See* Certificate of Service (ECF No. 54).

## II. Discovery Requests Remaining in Dispute

### A. RFP 14

Plaintiff's RFP 14 asks Local 238 to produce a copy of the:

> [S]igned, dated agreement for Informal Money Settlement reached on 8-1- 2022. This agreement was entered into on behalf of National Distribution Center, Maintenance Custodians by and between APWU Local 238, President Michelle Fitzpatrick and National Distribution Center Supervisor, Matthew Utz. It was identified as Class Action LINE H, Grievance Number 22BMC1015CA and record of Minutes for Local 238's monthly meeting held in June, 2022.
>
> If $72,000.00 has been disbursed, please provide COPY of verifiable, title and contact information, and amounts received for each of recipients.
>
> If $72,000.00 has not been disbursed, please provide verifiable, title, and contact information for individual who is holding the settlement money.[4]

Local 238 responded stating it:

> [O]bjects to this request because it is not reasonably calculated to result in the production of any admissible evidence against this Defendant concerning claims against it rather than Plaintiff's previously dismissed claim against former Defendant, American Postal Workers Union in that Local 238 was not party to and did not participate in the processing of any grievance referred to by Plaintiff in this request. Moreover, Defendant Local 238 does not have possession of any such document.[5]

---

[4] Local 238's Resps. To Pl.'s RFPs (ECF No. 66-2) at 36.

[5] *Id*.

Plaintiff argues that the document produced by Local 238 contains "many date discrepancies leading a reasonable person to believe it was altered to fit the request," and lacks sufficient details to "verify the document's authenticity."[6]

Local 238 states it provided documents to Plaintiff that were responsive to RFP 14. Local 238 also represents to the Court in its response that it has provided the documents it has in its possession that are subject to the request. It contends Plaintiff's belief as to the provenance of those documents or the genuineness is not a matter properly addressed in a motion to compel and Plaintiff's motion should be denied.

The Court finds Plaintiff is not seeking to compel Local 238 to produce additional documents responsive to RFP 14 but rather she is challenging the veracity and authenticity of the documents produced. Fed. R. Civ. P. 37(a)(3)(B)(iv) allows a party to move for an order compelling discovery when the party responding to requests for production of documents "fails to produce documents" as requested. Arguments challenging the authenticity of the documents actually produced are not proper in a motion to compel discovery, but can be subsequently raised if the document is offered in support of a dispositive motion or at a hearing or trial. Plaintiff's motion to compel with respect to RFP 14 is denied.

B. **RFPs 16 and 17**

RFP 16 asks Defendant Local 238 to produce a copy of:

> [R]eceipts for $25,404.00 disbursement made to Local 238 President Michelle Fitzpatrick by Local 238, Secretary Treasurer, Pam Byrd along with Secretary's record of Local 238's monthly

---

[6] Mot. (ECF No. 66) at 2.

>  meeting Minutes memorializing the reason for the disbursement.

RFP 17 seeks a copy of:

> [R]eceipts for $8,778.00 disbursement made to Local 238 President, Michelle Fitzpatrick by Local 238, Secretary Treasurer, Pam Byrd along with Secretary's record of Local 238 's monthly meeting Minutes memorializing the reason for the disbursement.[7]

Local 238 objected to both RFPs as "not reasonably calculated to result in the production of any admissible evidence against this Defendant concerning claims against it."[8]

In her motion, Plaintiff argues she is entitled to the receipts requested by RFPs 16 and 17 because she has a right to such information under 29 U.S.C. § 431(c), which permits a member of a labor organization "for just cause to examine any books, records, and accounts necessary to verify [the required] report."

Local 238 argues that Plaintiff is not entitled to any of the documents requested by RFPs 16 or 17, either through discovery in this case or independently under 29 U.S.C. § 431(c). It argues that none of the requested documents are in any way related to Plaintiff's claims for either age discrimination or breach of duty of fair representation in the handling of grievances. Local 238 further argues that even if Plaintiff's Amended Complaint is construed as a claim for violation of 29 U.S.C. 431(c), Plaintiff is not entitled to production of the documents requested without first prevailing on her claim at trial. Instead, Plaintiff is attempting to circumvent the requirements that she prove at trial that she was a member of Local 238 and made a request for access to the

---

[7] ECF No. 66-2 at 37.

[8] ECF No. 66-2 at 37.

documents for which she had good cause to review and that Local 238 refused to grant access to the documents. Local 238 further argues that until Plaintiff proves the elements of such type of claim, she is not entitled to access to the records she is attempting to obtain through discovery and should not be permitted discovery of documents she could only be granted the right to review by the Court after prevailing on her claim.

The Court sustains Local 238's relevancy objections to RFPs 16 and 17 in full. Plaintiff is not entitled to the discovery requested by her RFPs 16 and 17 because they are not relevant to her existing claims for breach of duty of fair representation and age discrimination. Plaintiff has not pled a claim under Section 431(c), but even if she had stated such a claim she would not be entitled to the relief permitted under that statute unless and until she meets all the statutory requirements to state a claim for relief.[9] Plaintiff's motion to compel as to RFPs 16 and 17 is denied.

### C. RFPs 21 and 22

RFP 21 asks Defendant Local 238 to produce a copy of the "[S]igned, dated, most current status of Shawnee Mission grievance #21SMCMl50 DATED 11-16-21."

RFP 22 seeks a copy of the:

> [S]igned, dated, "Notice of Decision to Remand" National Distribution Center, at 4900 SPEAKER ROAD, KCKS 66106, Custodian's annual Line H, Class Action, for fiscal year 10/1/2020-09/30/2021, along with STEP 1 AND STEP 2 DOCUMENTS, grievance number, and name of steward of record.[10]

---

[9] *See Kinslow v. Am. Postal Workers Union, Chicago Loc.*, 222 F.3d 269, 273–74 (7th Cir. 2000) (a plaintiff in pursuing judicial enforcement of a union member's right to examine the labor organization's records under 29 U.S.C. § 431(c) has the burden of showing "just cause" for seeking the information).

[10] ECF No. 66-2 at 38–39.

Local 238 objected to both RFPs 21 and 2 on the grounds they are:

> not reasonably calculated to result in the production of any admissible evidence against this Defendant concerning claims against it rather than Plaintiff's previously dismissed claim against former Defendant, American Postal Workers Union in that Local 238 was not party to and did not participate in the processing of any grievance referred to by Plaintiff in this request. Moreover, Defendant Local 238 does not have possession of any such document.[11]

Plaintiff states in her reply she received an "inadequately submitted" document in response to her RFP 21 and her arguments appear to be challenging the document itself. For example, she states the document "shows no settlement or name of National Bargaining Agent who settle[d] this unusual document."[12] With respect to RFP 22, she argues that it seeks documents related to Local 238's "ongoing deceitful conduct."[13]

Local 238 states it does not possess documents responsive to RFPs 21 and 22. Instead, it contends the grievances referred to in these requests were handled by the now-dismissed Defendant APWU and its agent Jeff Beaton, as recognized by Plaintiff. It also contends that any resolution, settlement or decision to drop the subject grievances at issue was the act of a separate entity, APWU, and not of Local 238. Local 238 also denies it has any control over the APWU or Mr. Beaton, who acts completely independently of Local 238, as acknowledged by Plaintiff in her

---

[11] ECF No. 66-2 at 38–39.

[12] Reply (ECF No. 70) at 8.

[13] *Id*. at 11.

deposition. Local 238 argues it cannot be compelled to produce documents that are not in its possession but are in the possession of a third party.

Under Fed. R. Civ. P. 34(a)(1), Plaintiff may serve requests for production of documents upon Local 238, but only for documents and items that are in its "possession, custody or control." Documents are deemed to be within the possession, custody, or control of a party if that party has "actual possession, custody, or control or has the legal right to obtain the documents on demand."[14] Plaintiff does not offer any argument disputing Local 238's assertion that the grievance documents requested by RFPs 21 and 22 would likely be in the possession, custody, or control of APWU and not Local 238. Plaintiff's motion to compel as to RFPs 21 and 22 is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel (ECF No. 66) is **denied.**

**IT IS SO ORDERED.**

Dated October 17, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[14] *F.D.I.C. v. McCaffree*, 289 F.R.D. 331, 339 (D. Kan. 2012).